IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:06-CR-0199 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| PABLO BELTRAN | : | |

**MEMORANDUM**

Presently before the court is a motion (Doc. 1676) filed *pro se* by petitioner Pablo Beltran ("Beltran") to vacate, set aside, or correct his sentence (Doc. 1715) pursuant to 28 U.S.C. § 2255.[1]  Beltran argues that his sentence should be reduced based on 18 U.S.C. § 3582(c)[2] and Amendment 706 to the United States Sentencing Guidelines, which reduced the guidelines offense level for certain drug distribution and conspiracy offenses involving cocaine base.  For the reasons that follow, Beltran's motion (Doc. 1676) will be denied.

**I.     Statement of Facts & Procedural History**

Beginning in 2003 and continuing through on or about December 2006, Beltran was involved in a drug trafficking conspiracy that distributed drugs in

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[2] See 28 U.S.C. § 3582(c) ("[A] court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.").

Lancaster, Dauphin, York and Lebanon Counties.[3]  (Doc. 77).  The investigation, conducted with the use of court-authorized wiretaps, revealed that Beltran received crack and powder cocaine from co-conspirator Edwin Lugo-Gonzales.  On January 11, 2007, a grand jury returned a superseding indictment charging Beltran and numerous co-defendants with drug-related offenses.  (Id.)  In particular, Beltran was charged with criminal conspiracy to distribute and possession with intent to distribute 50 grams and more of crack cocaine, five kilograms and more of cocaine hydrochloride, and marijuana, in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute five kilograms and more of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1); distribution and possession with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and criminal forfeiture, under 21 U.S.C. § 853(p).  (Id.)  Beltran pled "not guilty" to the above charges.  (Doc. 488).

On January 9, 2008, a grand jury returned a second superseding indictment with additional defendants and charges.  (Doc. 602).  The charges against Beltran remained unchanged, and Beltran pled "not guilty" to the second superseding indictment.  (Doc. 667).

On April 2, 2008, Beltran pled guilty to a superseding felony information that charged him solely with conspiracy to distribute and possession with the intent to distribute crack cocaine, in violation of 12 U.S.C. § 846.  (Docs. 684, 693).  In the plea

---

[3] The court's recitation of the facts is taken primarily from the presentence report.

agreement, the parties agreed to recommend to the court that Beltran be held responsible for 150 to 500 grams of crack cocaine. (Doc. 685, at 7-8). However, the U.S. Probation Office recommended that Beltran be held responsible for 4.5 kilograms or more of crack cocaine and set Beltran's base offense level at 38 pursuant to § 2D1.1(c) of the United States Sentencing Guidelines ("Sentencing Guidelines"). The probation officer recommended a three-level downward departure for acceptance of responsibility, reducing Beltran's total offense level to 35. As a career offender, Beltran's criminal history category was determined to be VI pursuant to U.S.S.G. § 4B1.1(b). Based on these considerations, Beltran's maximum guideline sentencing range was the statutory maximum penalty of 20 years' imprisonment.

On August 26, 2009, the court sentenced Beltran to a term of 130 months imprisonment, a special assessment of $100, a $1,500 fine, and service of a three-year term of supervised release. (Doc. 1380). During the sentencing hearing and consistent with the parties' agreement, the court found that Beltran was responsible for 150 to 500 grams of crack cocaine and established his base offense level at 32, pursuant to U.S.S.G. § 4B1.1(b). The court adopted the findings of the presentence report in all other respects, including the provision of a three-level reduction for acceptance of responsibility. Based upon an offense level of 29 and a criminal history category of VI, the court determined Beltran's advisory guidelines sentencing range to be 151 to 188 months. In accordance with the government's

motion recommending a downward departure pursuant to § 5K1.1, the court imposed a sentence below the advisory guideline range.

Beltran filed a motion to modify term of imprisonment on April 22, 2010. (Doc. 1686). At the behest of the court, Beltran elected to have the court construe and rule upon the motion under 28 U.S.C. § 2255. (Doc. 1715). The government filed an opposing brief on July 26, 2010. (Doc. 1721). The motion has been fully briefed and is now ripe for disposition.

## II. Discussion

Beltran argues for a modification of his sentence based on 18 U.S.C. § 3582(c) and Amendment 706 of the Sentencing Guidelines. (Doc. 1676). He contends that his sentence should be reduced because it was based on an offense level that was reduced by the United States Sentencing Commission ("Sentencing Commission"). However, Beltran misinterprets the Sentencing Guidelines and application of Amendment 706.

In November 2007, the Sentencing Commission amended the crack cocaine guidelines by revising a portion of the drug quantity table at § 2D1.1(c). Generally, Amendment 706 reduced the base offense levels for crack cocaine offenses by two levels. U.S.S.G. App. C., Amend. 706 (Nov. 1, 2007). The Sentencing Commission later declared Amendment 706 to be retroactive. U.S.S.G. App. C., Amend. 713 (Supp. May 1, 2008). Beltran filed his motion based on these amendments.

A district court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3852(c)(2). To be entitled to a reduction of sentence, "a defendant's *sentencing range* must have been lowered by recalculation based on the amended base offense level." United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009) (emphasis in original).

In United States v. Mateo, the Third Circuit Court of Appeals concluded that a defendant who has pled guilty to a crack cocaine offense but was sentenced pursuant to the career offender guidelines cannot obtain a sentence reduction pursuant to § 3582(c)(2). 560 F.2d at 155. Amendment 706 applies only to the calculation of sentence under U.S.S.G. § 2D1.1(c), and "the lowering of the base offense level under § 2.D1.1(c) has no effect on the application of the career offense level required by § 4B1.1." Id. (citing United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008)). Simply put, Amendment 706 "provides no benefit to career offenders." Id. (quoting United States v. Forman, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam)). Amendment 706 is unavailable to Beltran due to his status as a career offender. Therefore, he may not seek a reduction in his sentence under § 3582(c)(2).

**III.** **<u>Conclusion</u>**

For the foregoing reasons, Beltran's motion (Doc. 1676) to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 will be denied. An appropriate order follows.

                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge

Dated:       March 24, 2011

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0199** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **PABLO BELTRAN** | : | |

## **ORDER**

AND NOW, this 24th day of March, 2011, upon consideration of the motion (Doc. 1676) filed by Pablo Beltran to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 1676) is DENIED.

2. A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge